Filed 2/18/16  P. v. Nahman CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID NAHMAN,<br><br>    Defendant and Appellant. | B259175<br><br>(Los Angeles County<br>Super. Ct. No. LA076612) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Gregory A. Dohi, Judge.  Reversed and remanded with directions.

Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In an amended information filed by the Los Angeles County District Attorney, defendant and appellant David Nahman was charged with attempted murder (Pen. Code, §§ 664/187, subd. (a), count one),[1] dissuading a witness by force or threat (§ 136.1, subd. (c)(1), count two), grand theft (§ 487, subd. (a), count three), two counts of second degree commercial burglary (§ 459, counts four & five), and grand theft from a pawnbroker or secondhand dealer (§ 484.1, subd. (a), count six). As to counts one through four, the information alleged that the charges involve a pattern of related felony conduct involving the taking of more than $150,000. (§ 186.11, subd. (a).) As to counts three through six, it was alleged that appellant took, damaged, and destroyed property of a value exceeding $150,000 (§ 12022.6, subd. (a)(2)) and was on bail when he committed the offenses (§ 12022.1). Appellant pleaded not guilty and denied the allegations.

Appellant's motion to bifurcate the out-on-bail allegation was granted. Trial on the remaining charges and allegations was by jury. At the close of the prosecution's case, appellant's motion to dismiss count four pursuant to section 1118.1 was granted. Before the matter was submitted to the jury, the trial court granted the People's request that it strike the aggravated white collar crime allegation. (§ 186.11, subd. (a).) The jury found appellant guilty on counts three, five, and six, and found true the allegation that the property taken exceeded the value of $200,000 (§ 12022.6, subd. (a)(2).) The jury was unable to reach a verdict on counts one and two, and a mistrial was declared on those counts. The bifurcated on-bail allegation was not submitted to the jury.

Appellant was sentenced to an aggregate term of five years in state prison, consisting of the upper term of three years on count three, plus a two-year enhancement for the monetary loss enhancement. He was also sentenced to a two-year concurrent term on count five and a two-year term on count six, which was stayed pursuant to section 654.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Appellant timely appealed from the sentence.  He contends that his offense was punishable in county jail; thus, the matter must be remanded for resentencing.  The People agree.

We agree with the parties and remand the matter for resentencing.[2]  (§ 1170, subd. (h)(2).)

## DISPOSITION

The matter is reversed and remanded to the trial court with directions to resentence appellant to county jail instead of state prison.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
　　　　　ASHMANN-GERST


We concur:


_____, P. J.
　　　BOREN


_____, J.
　　　CHAVEZ

---

[2]　　　Appellant has filed a petition for writ of habeas corpus, case No. B263749, which is being considered concurrently with this appeal.  A separate order will be filed in that matter.